IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIAM TEAS,

                Plaintiff,

v.

DALIA SULIENE, KARL HOFFMAN,
KAREN ANDERSON, MEREDITH MASHANK,
LILLIAN TENEBRUSO, NANCY WHITE,
ANTHONY ASHWORTH, LUCAS WEBER,
JANEL NICKEL, KEVIN BOODRY,
MICHAEL DITTMAN, JAMES GREER,
SCOTT BAUER and JAMES KOTTKA,

                Defendants.

ORDER

16-cv-452-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff and prisoner William Teas is proceeding on the following claims:

(1) defendants Dalia Suliene and Karl Hoffman failed to treat plaintiff's back pain adequately, in violation of the Eighth Amendment and Wisconsin law;

(2) defendants Suliene, Hoffman, Meredith Mashak, James Greer, Michael Dittman and Lucas Weber denied plaintiff's requests for a "medically appropriate mattress and pillow," in violation of the Eighth Amendment, the Americans with Disabilities Act and the Rehabilitation Act;

(3) defendants Kevin Boodry, Anthony Ashworth, Janel Nickel, Nancy White, Karen Anderson and James Kottker denied plaintiff's requests for a raised bunk while he was housed in segregation, in violation of the Eighth Amendment, the Americans with Disabilities Act and the Rehabilitation Act;

(4) defendants Anderson, Mashak, White and Lillian Tenebruso failed to schedule appointments with physicians in a timely manner, in violation of the Eighth Amendment;

1

(5) defendants Anderson, Mashak, Tenebruso and White failed to take any action when defendants Suliene and Hoffman failed to provide appropriate treatment for plaintiff's back problems, in violation of the Eighth Amendment.

On March 22, 2017, I granted plaintiff's motion for assistance in recruiting counsel, dkt. #48, and the case has been stayed pending recruitment of counsel. Although the court is continuing to seek counsel to represent plaintiff, the court has not yet found an attorney to represent plaintiff on a pro bono basis.

Now before the court is a motion filed by plaintiff to expedite the recruitment of counsel and for a preliminary injunction. Dkt. #57. Unfortunately, the court has no way to expedite the recruitment of counsel for plaintiff. At this time, the court is attempting to recruit counsel for a number of plaintiffs, with only a limited number of attorneys willing and able to handle cases on a pro bono basis in this district. The court will continue to seek counsel to help plaintiff, but it may take several more weeks or even months for the court to find counsel willing to represent plaintiff in this case. In the meantime, plaintiff should make efforts to recruit counsel on his own. Alternatively, if plaintiff would like to proceed without an attorney, he should notify the court so that a new schedule can be set for this case. However, if he still wishes for court assistance in recruiting counsel, he will have to be patient.

As for plaintiff's motion for a preliminary injunction, plaintiff alleges that he is once again being forced to sleep on a floor or nearly on the floor, even though alternatives are available. He alleges that being on the floor causes him severe back pain and limits his ability to leave his bed to write, make phone calls, collect his meals and even use the toilet.

Plaintiff's motion raises serious concerns about his current situation. Plaintiff's motion does not comply with this court's preliminary injunction procedures, but this may reflect his limited experience. In light of plaintiff's serious allegations, I conclude that a response from defendants is necessary. Additionally, although discovery in this case has been stayed pending recruitment of counsel, it is necessary to lift that stay for the purpose of litigating plaintiff's preliminary injunction motion. Accordingly, I will order that defendants respond to the allegations in plaintiff's preliminary injunction motion regarding his (1) medical restrictions, (2) current bunk assignment and (3) available alternatives.

ORDER

IT IS ORDERED that plaintiff William Teas's motion to expedite recruitment of counsel and for preliminary injunction, dkt. #57, is DENIED with respect to his request to expedite recruitment of counsel. With respect to his motion for preliminary injunctive relief, defendants may have until November 6, 2017 to file a response that includes evidence regarding plaintiff's (1) medical restrictions, (2) current bunk assignment and (3) available alternatives, if any. Plaintiff may have until November 13, 2017 to file a reply. The stay on discovery is lifted solely for the purpose of addressing plaintiff's motion for a preliminary

injunction.

Entered this 30th day of October, 2017.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge