IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIAM TEAS,

                                   OPINION AND ORDER

          Plaintiff,

                                    16-cv-452-bbc

     v.

DALIA SULIENE, KARL HOFFMAN,
KAREN ANDERSON, MEREDITH MASHANK,
LILLIAN TENEBRUSO, NANCY WHITE,
ANTHONY ASHWORTH, LUCAS WEBER,
JANEL NICKEL,KEVIN BOODRY,
MICHAEL DITTMAN, JAMES GREER,
SCOTT BAUER and JAMES KOTTKA,

         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Pro se plaintiff William Teas is proceeding in this case on claims that several defendants at the Columbia Correctional Institution violated his rights under the Eighth Amendment, the Americans with Disabilities Act and the Rehabilitation Act. Although this case has been stayed pending the recruitment of counsel to represent plaintiff, I directed defendants to respond to plaintiff's motion for preliminary injunction in which plaintiff alleges that he is being forced to sleep on a floor or nearly on the floor, even though alternatives are available. He also alleges that being on the floor causes him severe back pain and limits his ability to leave his bed to write, make phone calls, collect his meals and even use the toilet. Dkt. #57. Defendants have now responded and plaintiff has filed a reply brief. After reviewing the parties' briefs and evidence, I conclude that plaintiff's motion

1

must be denied because plaintiff has not shown that he will suffer irreparable harm without an injunction.

OPINION

To establish entitlement to a preliminary injunction, a party must demonstrate that: (1) he has a likelihood of success on the merits; (2) he will suffer irreparable harm without an injunction; and (3) he has no adequate remedy at law. American Civil Liberties Union of Illinois v. Alvarez, 679 F.3d 583, 589 (7th Cir. 2012) (quoting Ezell v. City of Chicago, 651 F.3d 684, 694 (7th Cir. 2011)). Once the movant makes this showing, "the court weighs the factors against one another, assessing whether the balance of harms favors the moving party or whether the harm to the nonmoving party is sufficiently weighty that the injunction should be denied." Id. (quoting Ezell, 651 F.3d at 694 (internal quotations omitted)).

Plaintiff's request for a preliminary injunction fails on the basis of the second factor. In his motion, plaintiff argued that he needed an injunction because he was being forced to sleep on the ground. However, both defendants' response and plaintiff's reply brief make it clear that plaintiff was assigned to a floor bunk as a temporary measure and is no longer assigned to a floor bunk. As defendants explain, on September 20, 2017, plaintiff was placed in temporary lockup in restricted housing unit 1 after testing positive for THC. The concrete beds in restrictive housing unit 1 are known as "boats" and are only a few inches off the floor. Because plaintiff has a medical restriction against being assigned to a "boat,"

2

health services was consulted regarding the assignment and approved the placement on the floor as a temporary measure. Decl. of Isaac Hart, dkt. #60, ¶¶ 5-7.

The parties dispute how long plaintiff was assigned to sleep on the floor. Defendant says that plaintiff was moved to a new cell on October 1, 2017, and "was observed using the bunk," rather than the floor, id. at ¶ 7, though plaintiff seems to dispute this. Plaintiff does not identify a specific date on which he was moved off of the floor, though both sides agree that plaintiff was assigned to a bunk off of the floor starting October 10, 2017. It is also undisputed that plaintiff is not currently required to sleep on the floor and there is no evidence suggesting that plaintiff will be reassigned to a floor position in the near future.

In sum, although plaintiff was assigned to sleep on the floor for two to three weeks, the assignment was temporary; it was approved by health services; and it was a result of plaintiff's rule violation. Plaintiff's suggestion that he may be assigned to a floor bunk in the future is entirely speculative and does not show a likelihood that he will suffer irreparable harm without an injunction. Accordingly, plaintiff's request for preliminary injunctive relief will be denied.

ORDER

IT IS ORDERED that plaintiff William Teas's motion for preliminary injunctive

relief, dkt. #57, is DENIED.

Entered this 7th day of December, 2017.

BY THE COURT:
/s/
_____
BARBARA B. CRABB
District Judge