IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIAM TEAS,

                    OPINION AND ORDER

        Plaintiff,

                    16-cv-452-bbc

    v.

DALIA SULIENE, KARL HOFFMAN,
KAREN ANDERSON, MEREDITH MASHANK,
LILLIAN TENEBRUSO, NANCY WHITE,
ANTHONY ASHWORTH, LUCAS WEBER,
JANEL NICKEL, KEVIN BOODRY,
MICHAEL DITTMAN, JAMES GREER,
SCOTT BAUER and JAMES KOTTKA,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff William Teas is proceeding in this case on claims that several defendants at the Columbia Correctional Institution violated his rights under the Eighth Amendment, the Americans with Disabilities Act and the Rehabilitation Act. The case was stayed for more than a year while the court attempted to find counsel for plaintiff, but the court was unable to find a lawyer willing and able to take the case. In September 2018, plaintiff notified the court that he would proceed with the case without counsel, rather than dismiss it without prejudice. Dkt. #66. In October 2018, a new schedule was set for the case. Defendants have filed a motion for summary judgment, dkt. #75, and the court recently granted plaintiff's motion to extend the deadline of his response brief to June 14, 2019.

Now plaintiff has filed a motion for assistance in recruiting counsel and for an

1

immediate injunction, dkt. #72, a motion to compel discovery and for sanctions, dkt. #88, and a motion to stay summary judgment pending a decision on the motion to compel, dkt. #94. For the reasons below, I am denying plaintiff's motions for assistance in recruiting counsel, for an injunction, for sanctions and to stay the case. However, I will grant his motion to compel.

OPINION

A. Motion for Assistance in Recruiting Counsel and for Injunctive Relief

Plaintiff asks that the court recruit counsel for him "for all of the previous reasons" and because the inmate who has been assisting him, Jeffrey Davis, cannot afford to help him with discovery. However, as I explained to plaintiff previously, the court attempted to recruit counsel for plaintiff for more than a year and was unable to find anyone willing to accept the case. Therefore, although I am sympathetic to plaintiff's request and his need for assistance, his renewed request for court assistance in recruiting counsel will be denied.

It appears from the record that inmate Davis has been assisting plaintiff in conducting discovery despite Davis's financial limitations. If Davis can no longer assist plaintiff, plaintiff should review the pretrial conference order, dkt. #70, which explains how to conduct discovery and how to respond to the summary judgment motion filed by defendants. Plaintiff should review that order and, if he is confused about how to obtain evidence, he should write a letter to defendants' counsel explaining which documents or other evidence he wants to obtain. If he is still confused after conferring with defendants' counsel, he should write to the court to ask for help.

2

In deciding defendants' motion for summary judgment, the court will apply the appropriate law to the facts, even if plaintiff cannot provide the law on his own or does not understand how the law applies to his facts.

Plaintiff also asks for information on how to request immediate injunctive relief. He says that there are currently no doctors at Columbia Correctional Institution and that he is not receiving any care for his back pain. To prevail on a motion for a preliminary injunction, plaintiff must show: (1) a likelihood of success on the merits of his case; (2) a lack of an adequate remedy at law; and (3) an irreparable harm that will result if the injunction is not granted. Lambert v. Buss, 498 F.3d 446, 451 (7th Cir. 2007). Plaintiff is correct that there are procedures that he must follow to request immediate injunctive relief. A copy of the court's procedure for obtaining preliminary injunctive relief will be provided to plaintiff with this order. Under the court's procedures, plaintiff must file and serve proposed findings of fact that support his claims, along with any evidence that supports those proposed findings. If plaintiff files a motion complying with these procedures, I will consider his request for injunctive relief.

B. Motion to Compel and for Sanctions and Motion to Stay

Plaintiff contends that defendant Dalia Suliene provided a false and incomplete response to an interrogatory that asked her to

> [D]escribe any and all expert testimony you have provided in the last ten (10) years, state whether or not you were compensated for it, and in what case the testimony was used or being provided for, regarding your medical expertise.

3

Suliene responded to this interrogatory by stating, "none." Plaintiff contends that Suliene's response is false because she was disclosed as an expert and provided expert testimony in several prisoner cases, including Towns v. Dittman, et al., 17-cv-912-bbc; Wagner v. Suliene, 12-cv-376-bbc; and McGhee v. Suliene, 13-cv-67-bbc. Defendants oppose the motion on the grounds that (1) plaintiff did not certify that he attempted to confer with defendants and resolve the discovery issue before filing his motion, and (2) Suliene has never been a retained expert in any case.

I agree with plaintiff that Suliene's response is inaccurate. Plaintiff's interrogatory asks about all the cases in which Suliene provided expert testimony. The question is not limited to cases for which Suliene was retained as an expert. "Expert" testimony is any testimony that is based on scientific, technical or other specialized knowledge within the scope of Federal Rule of Evidence 702. A review of Suliene's declarations from Towns and Wagner confirms that Suliene provided opinions that relied on her scientific and specialized knowledge in those cases. Additionally, although plaintiff did not certify that he conferred with defendants before filing his motion, he has since explained that he attempted multiple times to confer with defendants before filing his motion to compel. Therefore, I will grant plaintiff's motion. Defendants must provide a corrected response to plaintiff's interrogatory request by the deadline set forth below.

However, I will not sanction defendant Suliene and I will not stay briefing on defendants' motion for summary judgment. Although defendants' counsel misunderstood plaintiff's interrogatory request, the mistake was not made in bad faith and plaintiff has not

shown that he was prejudiced by it. I am not persuaded that plaintiff needs the information about Suliene's previous expert testimony to respond to defendants' motion for summary judgment. In preparing his response, plaintiff should focus on Suliene's and the other defendants' treatment decisions regarding him.

ORDER

IT IS ORDERED that

1. Plaintiff William Teas's motion for assistance in recruiting counsel and for injunctive relief, dkt. #72, and motion to stay, dkt. #94, are DENIED.

2. Plaintiff's motion to compel and for sanctions, dkt. #88, is GRANTED in part and DENIED in part. Defendant Suliene must provide a corrected response to plaintiff's interrogatory number 57 by June 7, 2019. Plaintiff's request for sanctions is DENIED.

3. The clerk of court is directed to send to plaintiff a copy of this court's procedures for requesting preliminary injunctive relief.

Entered this 29th day of May, 2019.

BY THE COURT:
/s/
_____
BARBARA B. CRABB
District Judge